IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE SAKAMOTO, | No. C 03-05499 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| MICHAEL LEAVITT, | |
| Defendant. | |

By letter briefs, the parties seek resolution of a dispute regarding the release of plaintiff's medical records. Defendant seeks an order compelling plaintiff's physicians to release the records or, in the alternative, an order compelling plaintiff to sign a release for this information.

At the February 15, 2005 case management conference, the Court ordered plaintiff to inform defendant by March 15, 2005 whether she would be asserting medical or emotional distress claims. In a March 15, 2005 letter, plaintiff stated that she "will assert that she saw her regular personal doctor because of the discrimination and retaliation she suffered at her workplace," but "would not assert that she sought psychiatric treatment" for these injuries. Def.'s April 22, 2005 Letter Br., Ex. A. Defendant has issued subpoenas to various of plaintiff's medical providers, but they will not release the records without a signed release from plaintiff or a court order mandating production. Plaintiff has refused to sign a medical release for her records or to stipulate that she will not present evidence of extraordinary emotional distress or medical consequences of emotional distress.

Defendant argues that, by providing her own testimony as evidence of the medical consequences of

the alleged discrimination, plaintiff is placing her mental health in controversy. If she does this, her medical records become relevant to questions of causation for and the magnitude of emotional distress. According to defendant, the medical records already produced demonstrate that plaintiff suffered from migraine headaches and possible depression before the alleged discrimination, and that she is taking anti-anxiety medication. Plaintiff submits a copy of a subsequent letter from her counsel to defense counsel, further stating that "Ms. Sakamoto is not seeking the testimony of any health care professional on the issue of her emotional distress," "[n]or is she claiming unusually severe emotional distress or a diagnosable or ongoing medical condition." Plaintiff contends that defendant is trying to conduct a fishing expedition into Ms. Sakamoto's medical records in order to "manufacture" a pre-existing condition. Pl.'s April 22, 2005 Letter Br. at 1.

This dispute presents an issue regarding waiver of the federal privilege protecting the psychological treatment relationship. Another court in this district has recognized that the "psychotherapist-patient privilege" may extend to "medical records involv[ing] mental health (including physical conditions tied to mental health)," which should be considered psychological records. Fitzgerald v. Cassil, 216 F.R.D. 632, 634 (N.D. Cal. 2003). The question here is whether plaintiff's intention to give testimony that she saw her personal doctor would waive the privilege.

The Ninth Circuit has not ruled on this issue, and multiple approaches to the waiver issue have developed in the district courts. Under the broad approach, some courts have held that a simple allegation of emotional distress in a complaint constitutes waiver. See Fritsch v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127 (E.D. Penn. 1997). Here, however, the parties agree that plaintiff's claim for emotional distress damages, by itself, does not waive the privilege. Under the narrow approach, courts have held that "there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived." Fitzgerald, 216 F.R.D. at 636; Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997). There is also a "middle ground approach" that finds waiver only when a plaintiff alleges more than "garden-variety emotional distress," which is "ordinary or commonplace emotional distress" rather than distress "resulting in a specific psychiatric disorder." Fitzgerald, 216 F.R.D. at 637 (citation omitted). In applying this "garden-variety" approach, courts have analogized to case law applying Fed. R. Civ. P. 35(a), which governs court orders for physical and mental examinations when

2

a party's condition is in controversy.  See, e.g., Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000); Jackson v. Chubb Corp., 193 F.R.D. 216 (D.N.J. 2000).  These courts find waiver if:

> (1) the plaintiff pleads a cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury; (3) the plaintiff pleads a claim for unusually severe emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of emotional distress; and/or (5) the plaintiff has conceded that his or her mental condition is "in controversy" for purposes of Rule 35(a).

Fitzgerald, 216 F.R.D. at 637-38, citing Ford v. Contra Costa County, 179 F.R.D. 579, 579 (N.D. Cal. 1998).

Here, the Court finds it appropriate to adopt the middle ground approach to waiver.  Doing so, it finds that plaintiff has not waived her privilege, because at this point she has alleged only garden-variety emotional distress.  She has not pled a separate cause of action for negligent or intentional infliction of emotional distress. According to plaintiff's counsel, Ms. Sakamoto will not assert that she sought psychiatric treatment for any injury caused; she is not claiming unusually severe emotional distress or a diagnosable or ongoing medical condition; she will not offer the testimony of any health care professional on the issue of her emotional distress; and she has not conceded that her mental condition is in controversy.  Given these representations, plaintiff is restricted to her own testimony about her emotional distress and may not seek compensation for any medical expenses she incurred as a result of her emotional distress or any damages for extraordinary emotional distress.

Accordingly, defendant's motion to compel is DENIED without prejudice to reconsideration in the event that plaintiff's allegations later exceed the scope of garden-variety emotional distress.

**IT IS SO ORDERED.**

Dated: July 6, 2005

SUSAN ILLSTON
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE SAKAMOTO, | No. C 03-05499 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| MICHAEL LEAVITT, | |
| Defendant. | |

By letter briefs, the parties seek resolution of a dispute regarding the release of plaintiff's medical records. Defendant seeks an order compelling plaintiff's physicians to release the records or, in the alternative, an order compelling plaintiff to sign a release for this information.

At the February 15, 2005 case management conference, the Court ordered plaintiff to inform defendant by March 15, 2005 whether she would be asserting medical or emotional distress claims. In a March 15, 2005 letter, plaintiff stated that she "will assert that she saw her regular personal doctor because of the discrimination and retaliation she suffered at her workplace," but "would not assert that she sought psychiatric treatment" for these injuries. Def.'s April 22, 2005 Letter Br., Ex. A. Defendant has issued subpoenas to various of plaintiff's medical providers, but they will not release the records without a signed release from plaintiff or a court order mandating production. Plaintiff has refused to sign a medical release for her records or to stipulate that she will not present evidence of extraordinary emotional distress or medical consequences of emotional distress.

Defendant argues that, by providing her own testimony as evidence of the medical consequences of

the alleged discrimination, plaintiff is placing her mental health in controversy. If she does this, her medical records become relevant to questions of causation for and the magnitude of emotional distress. According to defendant, the medical records already produced demonstrate that plaintiff suffered from migraine headaches and possible depression before the alleged discrimination, and that she is taking anti-anxiety medication. Plaintiff submits a copy of a subsequent letter from her counsel to defense counsel, further stating that "Ms. Sakamoto is not seeking the testimony of any health care professional on the issue of her emotional distress," "[n]or is she claiming unusually severe emotional distress or a diagnosable or ongoing medical condition." Plaintiff contends that defendant is trying to conduct a fishing expedition into Ms. Sakamoto's medical records in order to "manufacture" a pre-existing condition. Pl.'s April 22, 2005 Letter Br. at 1.

This dispute presents an issue regarding waiver of the federal privilege protecting the psychological treatment relationship. Another court in this district has recognized that the "psychotherapist-patient privilege" may extend to "medical records involv[ing] mental health (including physical conditions tied to mental health)," which should be considered psychological records. Fitzgerald v. Cassil, 216 F.R.D. 632, 634 (N.D. Cal. 2003). The question here is whether plaintiff's intention to give testimony that she saw her personal doctor would waive the privilege.

The Ninth Circuit has not ruled on this issue, and multiple approaches to the waiver issue have developed in the district courts. Under the broad approach, some courts have held that a simple allegation of emotional distress in a complaint constitutes waiver. See Fritsch v. City of Chula Vista, 196 F.R.D. 562 (S.D. Cal. 1999); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127 (E.D. Penn. 1997). Here, however, the parties agree that plaintiff's claim for emotional distress damages, by itself, does not waive the privilege. Under the narrow approach, courts have held that "there must be an affirmative reliance on the psychotherapist-patient communications before the privilege will be deemed waived." Fitzgerald, 216 F.R.D. at 636; Vanderbilt v. Town of Chilmark, 174 F.R.D. 225 (D. Mass. 1997). There is also a "middle ground approach" that finds waiver only when a plaintiff alleges more than "garden-variety emotional distress," which is "ordinary or commonplace emotional distress" rather than distress "resulting in a specific psychiatric disorder." Fitzgerald, 216 F.R.D. at 637 (citation omitted). In applying this "garden-variety" approach, courts have analogized to case law applying Fed. R. Civ. P. 35(a), which governs court orders for physical and mental examinations when

2

a party's condition is in controversy.  See, e.g., Ruhlmann v. Ulster County Dep't of Soc. Servs., 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000); Jackson v. Chubb Corp., 193 F.R.D. 216 (D.N.J. 2000).  These courts find waiver if:

> (1) the plaintiff pleads a cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury; (3) the plaintiff pleads a claim for unusually severe emotional distress; (4) the plaintiff plans to offer expert testimony to support a claim of emotional distress; and/or (5) the plaintiff has conceded that his or her mental condition is "in controversy" for purposes of Rule 35(a).

Fitzgerald, 216 F.R.D. at 637-38, citing Ford v. Contra Costa County, 179 F.R.D. 579, 579 (N.D. Cal. 1998).

Here, the Court finds it appropriate to adopt the middle ground approach to waiver.  Doing so, it finds that plaintiff has not waived her privilege, because at this point she has alleged only garden-variety emotional distress.  She has not pled a separate cause of action for negligent or intentional infliction of emotional distress. According to plaintiff's counsel, Ms. Sakamoto will not assert that she sought psychiatric treatment for any injury caused; she is not claiming unusually severe emotional distress or a diagnosable or ongoing medical condition; she will not offer the testimony of any health care professional on the issue of her emotional distress; and she has not conceded that her mental condition is in controversy.  Given these representations, plaintiff is restricted to her own testimony about her emotional distress and may not seek compensation for any medical expenses she incurred as a result of her emotional distress or any damages for extraordinary emotional distress.

Accordingly, defendant's motion to compel is DENIED without prejudice to reconsideration in the event that plaintiff's allegations later exceed the scope of garden-variety emotional distress.

**IT IS SO ORDERED.**

Dated: July 6, 2005

SUSAN ILLSTON
United States District Judge

3