**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEANNE SAKAMOTO,

        Plaintiff,

  v.

STEPHEN JOHNSON and U.S. ENVIRONMENTAL PROTECTION AGENCY,

        Defendants.
_____/

No. C 03-5499 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On July 25, 2006, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning August 14, 2006. Plaintiff appeared pro se; defendants appeared through counsel. The following matters were resolved:

1. **Date of trial**: The trial date was rescheduled to October 16, 2006 because of a trial conflict on the Court's calendar.

2. **Issues to be determined at trial:** In light of the parties' cross-motions for summary judgment, and as a result of the Court's rulings on them, only the following claims will be presented to the jury for determination:

(1) Title VII claim regarding Fong's failure to promote plaintiff to GS 13; and

(2) Title VII discrimination/retaliation claims concerning Fong's role in: negative performance reviews, the desk audit, the letter of reprimand, denial of credit hours request, excessive scrutiny of plaintiff's work, and increased workload.

The only damages that plaintiff may seek from the jury are general damages for emotional distress. All back pay/compensation damages are matter for the judge to determine after trial.

3. **Equal Pay Act claims**: Defendant may file a motion directed to the Equal Pay Act claims prior to trial. Any such motion shall be filed no later than August 18, 2006; the opposition shall be filed by September 1, 2006; the reply by September 7, 2006; and the hearing shall be held on September 22, 2006 at 9:00 a.m.

4. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

5. **Voir dire**: The court will conduct voir dire orally, and will present certain of the questions suggested by the parties in their statements.

6. **Jury instructions**: Counsel have submitted separate proposed jury instructions. Their final submission of joint substantive instructions, limited insofar as possible to the Ninth Circuit model instructions, shall be filed with the Court no later than August 18, 2006. Defendant shall present its proposed substantive instructions to plaintiff by August 4, 2006; plaintiff shall submit her response to same by August 11, 2006; and the joint set shall be presented to the Court by August 18, 2006.

7. **Trial exhibits**: No later than September 22, 2006, plaintiff may present to the Court for pre-admission up to 20 core exhibits which she intends to use at trial; defendant may do the same. All other exhibits will be offered and marked during trial. No later than Friday, October 13, 2006, the parties shall submit their proposed trial exhibits, including those exhibits pre-admitted and any others to be presented at trial, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (for the Court, the file and the witness) and each side shall provide one set for the other side.

8. **Timing of trial**: The parties have previously estimated that the trial should take approximately 6 days. Based on the elimination of various issues by summary judgment order, the Court estimates that trial should take on more than 5 days. At the pretrial conference, plaintiff stated that she

2

felt that her case might take much longer than that, up to 8 days, and in particular that her examination of Mr. Fong might itself take 4 days. However, based on the Court's experience, the issues in this case can be fully explored by both sides in 5 trial days or less. Repetitive or cumulative examination will not be permitted, nor will examination on irrelevant matters or issues no longer in the case for trial. Based on a 5 day estimate, each side shall have 25 minutes for opening statements; each side shall have 10 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 30 minutes for closing argument.

9. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

10. **Motions in limine**: The parties filed motions in limine, as follows:

**Plaintiff and defendants' motions concerning mode of plaintiff's testimony**: Plaintiff seeks to present her testimony by narrative statement, under oath. Defendant seeks to require her to present her testimony in question-and-answer format, in order to allow time to interpose objections. Plaintiff's motion is GRANTED and defendants' is DENIED, with this provision: plaintiff may present her testimony in a narrative only if she gives a copy of the outline of her narrative in writing to opposing counsel 24 hours in advance of her testimony. This will allow defendants to interpose any appropriate objections and the Court to rule on them, prior to the presentation of the testimony. (Docket ## 285, 295)

**Plaintiff's motion to preclude mention of prior EEOC proceeding:** Plaintiff seeks to keep from the jury any "information regarding prior Equal Employment Opportunity Commission hearing." The motion is GRANTED, as follows: neither side shall present to the jury the fact that EEOC proceedings were had or what the result of those proceedings was; all witnesses shall be informed of this order in advance of their testimony. If any testimony presented in the course of the EEOC proceedings is used as independent evidence or impeachment at trial, it shall be referred to as "testimony given in prior proceedings" without identifying the prior proceedings. Where necessary, the Court will inform

the jury that there have been "prior proceedings" leading up to this case at which testimony was provided under oath. (Docket # 285)

**Defendants' motion re: plaintiff's written chronology of events:** Defendants move to exclude plaintiff's written chronology of events from admission into evidence. The motion is GRANTED. The chronology, which is inadmissible hearsay, will not be admitted as an exhibit but plaintiff may refer to it during her testimony, if she provides a copy to the other side. (Docket # 290)

**Defendants' motion to limit evidence of retaliation:** Defendants move to limit the evidence at trial concerning retaliation. The Court's prior orders have limited the issues which will be presented to the jury for determination; to that extent this motion is GRANTED. However, plaintiff is not precluded from testifying about actions in the workplace during the relevant time period if they are relevant to some issue in the case, even if they do not independently rise to the level of retaliation. (Docket # 292)

**Defendants' motion to bar introduction of medical evidence:** Defendants seek to bar introduction of any evidence beyond plaintiff's own testimony, of plaintiff's medical or emotional condition. This motion is GRANTED. (Dcoekt # 291)

**Defendants' motion to preclude argument or evidence concerning back pay:** Defendants seek to preclude evidence or argument concerning back pay, since that issue will not be presented to the jury for decision. The motion is GRANTED; back pay and promotion issues will be decided by the Court after trial. However, to the extent that salary differentials are relevant to plaintiff's claimed emotional distress, plaintiff is not barred from referring to them. (Docket #289)

8. **Other matters:**

Plaintiff's motion to sequester: Plaintiff moved to "sequester" trial witnesses, by excluding them from the courtroom except while testifying and by preventing them from speaking to each other during the course of the trial. The motion is GRANTED IN PART: witnesses (except expert witnesses, if any) are excluded from the courtroom until they have been excused from trial and may not read trial transcripts. Witnesses are not prohibited from talking with one another before or during trial, but either party may ask witnesses about any such conversations, if relevant. (Docket # 277).

4

Plaintiff's renewed motion to appoint counsel: Plaintiff previously sought appointment of counsel to assist her; that motion was granted, and attorney Jack Lee of Minami, Lew and Tamaki was appointed to represent plaintiff. Mr. Lee later sought to withdraw as counsel, which request was ultimately granted by the Court with no objection from plaintiff.[1] Plaintiff has now filed a renewed motion to appoint counsel. That motion is DENIED. (Docket # 303)

Further settlement conference: The parties had a settlement conference with Magistrate Judge Spero on May 30, 2006. The action did not settle, but the parties were invited by Judge Spero to return to him at a later point. The parties are ordered to contact Judge Spero's chambers and arrange for a further settlement conference with him, prior to September 22, 2006.

**IT IS SO ORDERED.**

Dated: July 25, 2006

/s/ Susan Illston

SUSAN ILLSTON
United States District Judge

---

[1] Mr. Lee's motion cited differences of opinion between counsel and client which made it impossible to plan effectively for trial or other disposition of this action. In this Court's view, Mr. Lee and his firm performed effective service for plaintiff while they represented her.

5