**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEANNE SAKAMOTO,

    Plaintiff,

  v.

STEPHEN JOHNSON, Administrator, U.S. Environmental Protection Agency,

    Defendant.

No. C 03-5499 SI

**ORDER DENYING PLAINTIFF'S REQUEST FOR ADMINISTRATIVE LEAVE**

Plaintiff has filed a motion "to permit plaintiff administrative leave to address and prepare matters related to this case." (Docket No. 383).[1] Plaintiff states that she would suffer economic hardship if she was not permitted "reasonable" administrative leave – i.e., time off work – to address the instant case and prepare for the upcoming trial.

Defendant opposes the motion, and has submitted, *inter alia*, the declaration of Eugenia McNaughton, which states that plaintiff was out of the office on a full-time basis between April 2006 and October 2006. *See* McNaughton Decl. ¶ 6. According to that declaration, during that time plaintiff used all of her accrued annual leave and sick leave, one month of leave without pay, the maximum 200 hours of leave to which she was entitled from the EPA's "leave bank," and approximately ten of the twelve weeks of leave granted under the Family and Medical Leave Act. McNaughton states that during plaintiff's leave, the Quality Assurance Office (where plaintiff works) was required to extend the schedules of technical audits and other staff were asked to take on plaintiff's assignments. *Id.* ¶ 8.

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument.

**United States District Court**
**For the Northern District of California**

1  McNaughton also states that any additional absences by plaintiff would cause further delays in the
2  office's ability to meet schedules, increase the workload on other staff, and prevent the office from
3  proceeding with training and work in new areas. *Id.* ¶ 9.

4  Plaintiff has not cited any authority holding that she is entitled to administrative leave, and
5  indeed there is no language in either Title VII or the regulations requiring that such leave be provided.
6  Plaintiff's reliance on 29 C.F.R. Section 1614.605(b) is unavailing because that regulation governs leave
7  in connection with the preparation of E.E.O.C. complaints, not federal actions. *See* 29 C.F.R.
8  § 1614.605(b) ("If the complainant is an employee of the agency, he or she shall have a reasonable
9  amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and
10 EEOC requests for information.").

11 Plaintiff cites a single district court case, *Mitchell v. Baldridge*, 662 F. Supp. 907 (D.D.C. 1987),
12 in which the court ordered that a Title VII plaintiff should be allowed administrative leave for discovery
13 and pretrial preparation. As an initial matter, *Mitchell* is not binding on this Court. Moreover,
14 subsequent courts have noted that *Mitchell* is "narrow in application" because Mitchell had prevailed
15 on appeal and the administrative leave was granted on remand. *Moore v. Summers*, 113 F. Supp. 2d 5,
16 29 (D.D.C. 2000); *see also Shelborne v. Runyon*, 1997 WL 527352, at *17 (D.D.C. Aug. 21, 1997)
17 (noting narrowness of *Mitchell*'s holding).

18 In sum, plaintiff has not identified any authority showing that she is entitled to administrative
19 relief; at most, plaintiff's request is subject to the Court's discretion. The record does not support a grant
20 of administrative leave in light of plaintiff's recent extended leave and the hardships such a leave would
21 impose on the Quality Assurance Office. For the foregoing reasons, the Court hereby DENIES
22 plaintiff's motion. <u>No motions for reconsideration of this order shall be filed or accepted</u>.

23 **IT IS SO ORDERED.**

25 Dated: January 11, 2007

_____
SUSAN ILLSTON
United States District Judge

2