**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEANNE SAKAMOTO,

        Plaintiff,
  v.

STEPHEN JOHNSON and U.S. ENVIRONMENTAL PROTECTION AGENCY,

        Defendants.
    _____ /

No. C 03-5499 SI

**ADDITIONAL PRETRIAL SCHEDULING ORDER**

After the July 25, 2006 pretrial conference in the above captioned matter, the jury trial then scheduled to begin on August 14, 2006 was continued twice and was ultimately set for March 5, 2007. Accordingly, a further pretrial conference was held on February 27, 2007. Plaintiff appeared pro se; defendants appeared through counsel. The following matters were resolved:

1. **No further continuance**: Plaintiff's request for a further trial continuance was denied [docket # 422]. If witness Leticia Fish does not appear at trial, the Court will consider whether to allow portions of her deposition to be read based on unavailability.

2. **Motion in limine:** Plaintiff's motion concerning defendants' exhibits S and Y is denied without prejudice to renewal at time of trial when the documents are available to the Court [docket # 425].

3. **Motion for leave of court:** Plaintiff's request that she be permitted to file "errata and omissions for captioned response and opposition to motion for summary judgment filed on March 3, 2006" is denied as untimely [docket # 421].

4.     **Request for judicial notice:** Plaintiff's request for judicial notice of "(1) widespread views on cultural and societal values placed on women in China and Vietnam; (2) historical relations between the people of China and Japan due to war; and (3) authorities governing the federal workplace" is denied [docket # 424]. The first two are not proper subjects of judicial notice. The latter authorities will be provided to the jury, as necessary, in the jury instructions.

5.     **Plaintiff's proposed preadmission of 20 exhibits:** At the July, 2006 pretrial conference, plaintiff was given leave to present to the Court for pre-admission up to 20 core exhibits which she intends to use at trial. Her submission contains hundreds of pages of aggregated exhibits, each accompanied by a cover sheet listing or summarizing the contents or significance of the underlying documents. As such, none can be pre-admitted at this time except Exhibit 607, to which defendants do not object. The cover sheets are inadmissible. Many of the documents will likely be admissible, once plaintiff identifies them, lays a foundation and explains their relevance. Some may be inadmissible hearsay. These decisions must await trial.

6.     **Witnesses:**

A. Each party must advise the other 48 hours in advance of the witnesses that party expects to call. Plaintiff must tell defendants by noon on Friday, March 2, 2007 who she expects to call for Monday and Tuesday, March 5 and 6. Thereafter, she shall continue to inform defendants on a daily basis. Defendants must do the same in their case.

B. The parties must cooperate with each other in scheduling witnesses. Plaintiff will call Laura Yoshii in the afternoon Thursday, March 9, 2007.

C. Plaintiff intends to call many of defendants' employees as adverse witnesses. The parties shall make an effort to call each witness only once, and defendants may conduct their direct examination of their own witnesses during plaintiff's presentation of those witnesses.

D. Plaintiff's own testimony may be presented in narrative. Plaintiff must present a relatively detailed outline of her testimony to defendants by Friday, March 2, 2007, in order that they may determine whether there are any objectionable areas (e.g., hearsay) included.

1    E.  The current witness list is as follows:
2    Roseanne Sakamoto
3    Mark Sims
4    Nora McGhee
5    Leticia Fish
6    Vance Fong
7    Laura Yoshii
8    Donna Turnley
9    Vicki Lane
10   David Taylor
11   Gail Jones
12   Joseph Eidelberg
13   Rose Fong
14   Theresa Williams
15   Tom Huetteman
16   Kent Kitchingman
17   Marlon Mezquita (maybe)

18   7.  **Subject matter and timing of trial:** The parties are reminded that the jury trial portion
19   of this case involves only the following claims:

20   (1) Title VII claim regarding Fong's failure to promote plaintiff to GS 13; and

21   (2) Title VII discrimination/retaliation claims concerning Fong's role in: negative performance
22   reviews, the desk audit, the letter of reprimand, denial of credit hours request, excessive scrutiny of
23   plaintiff's work, and increased workload.

24   The only damages that plaintiff may seek from the jury are general damages for emotional
25   distress. All back pay/compensation damages are matter for the judge to determine after trial.

26   The parties are further reminded that there are 5 days to conduct this trial, and that the parties
27   are limited as follows: each side shall have 25 minutes for opening statements; each side shall have 10
28   hours total for presentation of evidence, which includes direct and cross-examination and presentation

3

of all exhibits; and each side shall have up to 30 minutes for closing argument. Repetitive or cumulative examination will not be permitted, nor will examination on irrelevant matters or issues no longer in the case for trial.

8. **Exhibits:**  No later than March 2, 2007, the parties shall submit their proposed trial exhibits in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (for the Court, the file and the witness) and each side shall provide one set for the other side. Plaintiff stated at the pretrial conference that she plans to introduce over 700 exhibits. She is cautioned that this number appears to the Court to be excessive for the relatively discrete issues to be tried in this case. She may find herself spending an unwarranted amount of time on collateral issues in attempting to use all these exhibits, and may be forced to neglect more central issues. The Court urges plaintiff to consider paring down her exhibit list considerably, to focus simply of the issues now in the case.

9. **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:00 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

**IT IS SO ORDERED.**

Dated: February 27, 2007

_____
SUSAN ILLSTON
United States District Judge

4