**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEANNE SAKAMOTO,                            No. C 03-5499 SI

    Plaintiff,

  v.

STEPHEN JOHNSON, and U.S.
ENVIRONMENTAL PROTECTION
AGENCY,

    Defendants.
_____/

INSTRUCTIONS TO JURY

(3/12/07)

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instruction, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.


WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness' memory;

(3)  the witness' manner while testifying;

(4)  the witness' interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness' testimony;

(6)  the reasonableness of the witness' testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about that fact.

BURDEN OF PROOF –

PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

SUMMARY OF CONTENTIONS

Plaintiff Roseanne Sakamoto contends that her employer, the United States Environmental Protection Agency (EPA), violated the prohibitions against gender, race and national origin discrimination and retaliation in employment found in Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).  Defendant EPA denies all of plaintiff's contentions.

Plaintiff claims that defendant EPA violated these statutes by engaging in disparate discriminatory treatment, and by retaliating against her.  I will now explain the rules which apply to your decision on each of these claims.

In considering these claims, you are instructed that EPA is responsible for the acts of its managers.

DISPARATE DISCRIMINATORY TREATMENT—

Plaintiff Roseanne Sakamoto has brought a claim of employment discrimination against defendant EPA. The plaintiff claims that her gender, race and/or national origin was a motivating factor for EPA's decision to take adverse employment actions against her. The actions she challenges are: delay in her promotion to the GS-13 pay level; negative performance reviews; conduct of a desk audit; letter of reprimand; failure to grant credit hours requests; excessive scrutiny; and increased workload. From now on, these actions will be called the "challenged actions."

Defendant EPA denies that plaintiff's gender, race or national origin was a motivating factor for the defendant's decision to take any of the challenged actions, and further claims that each of the challenged actions, to the extent taken, was based upon lawful reasons.

DISPARATE DISCRIMINATORY TREATMENT— ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that her gender, race and/or national origin, or any of them, was a motivating factor for EPA's decision to take the challenged actions, plaintiff Roseanne Sakamoto has the burden of proving all of the following elements by a preponderance of the evidence:

1. That EPA took one or more of the challenged actions; and
2. That the action(s) taken was an adverse action, as that will be defined for you in the next instruction; and
3. That plaintiff's gender, race and/or national origin, or any of them, was a motivating factor in at least one of the challenged actions.

If you find that the plaintiff has proved all of these elements, your verdict should be for the plaintiff on this claim. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant on this claim.

DISPARATE DISCRIMINATORY TREATMENT— DEFINITION OF "ADVERSE EMPLOYMENT ACTION"

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.
RETALIATION—ELEMENTS

Plaintiff Roseanne Sakamoto also claims that in taking the challenged actions, defendant EPA was retaliating against her because she engaged in protected activities. Defendant EPA denies this claim. To prevail on her claim for retaliation, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the plaintiff engaged in or was engaging in an activity protected under federal law, such as complaining of gender, race or national origin discrimination in employment; and

2. That EPA subjected the plaintiff to an adverse employment action, as that is defined in the next instruction; and

3. That the protected activity was a substantial or motivating factor in causing the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES

An action is an adverse employment action if it is reasonably likely to deter a employee from engaging in protected activity.

DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her claim for disparate treatment, or retaliation, or both, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

--The mental or emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life experienced by Roseanne Sakamoto.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

In calculating damages, you may not consider lost earnings or future lost earnings, sometimes called back pay or front pay. The award of back pay or front pay, should you find the EPA liable, will be decided and calculated by the Court. Likewise, in calculating damages you must not take into account any consideration of attorney's fees or court costs; should you find the EPA liable, those matters will be decided and calculated by the Court. In fixing the amount of any award, you may not include in, or add to, an otherwise just award, any sums for the purpose of punishing defendant EPA or to serve as an example or warning to others.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. You verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**United States District Court**
For the Northern District of California

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**United States District Court**
For the Northern District of California

COMMUNICATION WITH COURT

      If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.