IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNE SAKAMOTO,<br><br>　　　　　Plaintiff,<br>　v.<br><br>STEPHEN JOHNSON, Administrator, U.S.<br>Environmental Protection Agency,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 03-5499 SI<br><br>**ORDER DENYING PLAINTIFF'S<br>EQUAL PAY ACT CLAIM** |

This order addresses plaintiff's claim under the Equal Pay Act. From March 5, 2007 through March 12, 2007, the Court presided over a trial in this case, in which a jury heard evidence on and decided plaintiff's Title VII discrimination and retaliation claims. The evidence presented on those claims is also dispositive of the Equal Pay Act claims. Having carefully considered the testimony and evidence presented, the Court concludes that plaintiff has failed to establish a *prima facie* case on her Equal Pay Act claim.

**DISCUSSION**

The Equal Pay Act provides in relevant part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

29 U.S.C. § 206(d)(1). In an Equal Pay Act case, the plaintiff has the burden of establishing a *prima facie* case of discrimination by showing that employees of the opposite sex were paid different wages for equal work. *See Stanley v. University of Southern California*, 178 F.3d 1069, 1073-74 (9th Cir.

1999). To make out a *prima facie* case, the plaintiff bears the burden of showing that the jobs being compared are "substantially equal." *See* 29 C.F.R. § 1620.13(a); *see also Spaulding v. University of Wash.*, 740 F.2d 686, 697 (9th Cir. 1984), *overruled on other grounds*, *Atonio v. Wards Cove Packing Co.*, Inc., 810 F.2d 1477 (9th Cir.1987) (en banc). Plaintiff need not demonstrate that the jobs in question are identical; she must show only that the jobs are "substantially equal" in that they share a "common core of tasks." *Stanley*, 178 F.3d at 1074.

Here, the evidence at trial established that plaintiff's work at the GS-12 level was not "substantially equal" to the work performed by her male GS-13 peers. The GS-12 and GS-13 jobs did not share a "common core of tasks," and did not require equal skill or equal responsibility. Instead, the evidence showed that plaintiff's GS-12 position involved more administrative and less technical skills than the GS-13 position. Numerous credible witnesses testified that plaintiff's work required less technical expertise and more close supervision than the work done by her GS-13 male peers.

Plaintiff supports her claim that although her classification was GS-12, she was actually working at a GS-13 level, primarily by pointing out that she spent a significant portion of her time working on special projects assigned by Fong. However, the Court finds that plaintiff's work on the special projects was generally administrative and not high-level. In contrast, the GS-13 male employees had significant technical, leadership or managerial duties. The EPA's desk audit of plaintiff's position confirmed that, at most, plaintiff was working at the GS-12 level. HR specialist Vicki Lane, who conducted the desk audit, testified credibly that as a result of the desk audit, she found that plaintiff was not performing at a GS-13 level and, in fact, in several aspects was performing below the GS-12 level.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has not established a *prima facie* case on her Equal Pay Act claim, and defendant is entitled to judgment on this claim.

**IT IS SO ORDERED.**

Dated: March 14, 2007

SUSAN ILLSTON
United States District Judge

2